UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE SIMMONS, as Next Friend of
D.S., a minor.
    Plaintiff,

v.                                                  Case No. 07-11384

CITY OF DETROIT, COREY GARRISON    Honorable Patrick J. Duggan
and SHAWN PEOPLES.
    Defendants.
                                               /

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 30, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This action arises from an incident on August 12, 2005, during which D.S., a minor, was arrested and charged with two counts of carrying a concealed weapon. Presently before the Court is a motion for summary judgment on behalf of Defendants Shawn Peoples and the City of Detroit, filed on July 18, 2008. This motion has been fully briefed and a hearing was held on this motion on September 25, 2008. For the reasons set forth below, the Court grants, in part, and denies, in part, Defendants' motion.

**I. Standard of Review**

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

## II. Factual and Procedural Background

On August 12, 2005, Plaintiff's ward, D.S., was arrested for two counts of carrying a concealed weapon. D.S. claims that, during his arrest, Defendant Garrison struck him in the ribs, throat, and head seven or eight times with his flashlight and fists while Defendant Peoples stood by. Plaintiff filed the present lawsuit against Garrison, Peoples, and the City of Detroit as next friend of D.S. on March 29, 2007. The complaint sets forth seven counts: Counts I-V allege state law claims of assault and battery, false arrest/false imprisonment, gross negligence, intentional infliction of emotional distress ("IIED"), and malicious prosecution; Count VI alleges Section 1983 violations of D.S.'s constitutional rights based on the acts described in Counts I-V; and Count VII alleges municipal/supervisory liability under Section 1983.

## III. Analysis

For the reasons set forth at the hearing on September 25, 2008, the Court **GRANTS** Defendants' motion for summary judgment as to Count VII–Plaintiff's claim against the City of Detroit. As indicated by the Court at the hearing, Plaintiff has not identified any evidence to support her claim that the policies, practices, or customs of the City of Detroit caused, or contributed to, the alleged wrongful acts of the individual Defendants. To succeed with a municipal liability claim under Section 1983, "plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). Plaintiff cannot meet this obligation.

The Court **DENIES** Defendants' motion for summary judgment with respect to

Plaintiff's Section 1983 claim against Defendant Peoples. The Court is satisfied, looking at the evidence in a light most favorable to Plaintiff, as this Court must do in evaluating a motion for summary judgment, that a genuine issue of material fact exists. The Court cannot, at this time, say as a matter of law that Defendant Peoples did not observe, nor was he aware of the alleged excessive force being used upon the Plaintiff; nor is the Court prepared to rule as a matter of law that Defendant Peoples had no opportunity to intervene. If Peoples knowingly failed to intervene in Garrison's unlawful conduct, Peoples's inaction can provide the basis for an excessive force claim. *See Smith v. Heath*, 691 F.2d 220, 225 (6th Cir. 1982). Therefore, the Court shall **DENY** Defendant Peoples' motion for summary judgment as to Plaintiff's claim of excessive force under Section 1983.

The Court **GRANTS** Defendants' motion for summary judgment with respect to Plaintiff's state tort claims against Defendant Peoples. Plaintiff's state tort claims of false arrest, false imprisonment, and malicious prosecution require proof that the officers lacked probable cause. Plaintiff has not disputed that the officers had probable cause. Furthermore, Defendant Peoples seeks summary judgment as to all of Plaintiff's claims and, in this Court's opinion, this includes seeking summary judgment with respect to Plaintiff's state tort claims of assault and battery, IIED, and gross negligence. Because there is no evidence of Peoples's actual involvement in the alleged use of excessive force with respect to D.S., Defendants' motion for summary judgment in favor of Defendant Peoples with respect to these claims shall be **GRANTED**,[1] and Plaintiff's state tort claims (Counts I-V) against Defendant

---

[1] Peoples alleged failure to intervene cannot support a claim for gross negligence because a government employee can only be liable for his torts under Michigan law when his conduct is

4

Peoples shall be **DISMISSED**.

**II. Conclusion**

For the reasons stated above and at the motion hearing, this Court grants in part and denies in part Peoples's and Detroit's motion for summary judgment. Plaintiff forfeited her federal and state claims of unlawful arrest, unlawful imprisonment, and malicious prosecution by failing to contest that Peoples acted with probable cause. Plaintiff also failed to present sufficient evidence to support her municipal liability claim against Detroit and her state law claims of assault and battery, gross negligence, and IIED against Peoples. Nonetheless, an issue of fact remains in regard to Plaintiff's Section 1983 excessive force claim. Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED** as to Counts I-V; Plaintiff's Section 1983 false arrest, false imprisonment, and malicious prosecution claims in Count VI; and Count VII.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED** as to Plaintiff's Section 1983 excessive force claim in Count VI.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Steven T. Budaj., Esq.
Jerry L. Ashford, Esq.

---

"the one most immediate, efficient, and direct cause preceding an injury." *Robinson v. City of Detroit*, 462 Mich. 439, 459, 613 N.W.2d 307, 317 (2000).